IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chrondric M. Ford, | C/A No.: 5:19-1355-JFA-KDW |
| Petitioner, | |
| vs. | **ORDER** |
| Sheriff Thompson, J. Reuben Long Det., | |
| Respondent. | |

## I. INTRODUCTION

Chrondric M. Ford, (Petitioner), proceeding *pro se* and *in forma pauperis*, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this case without prejudice and without requiring Respondent to file an answer or return. (ECF No. 17). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

In his Petition, Petitioner alleges that his detention pursuant to an April 25, 2019 civil contempt order is unlawful. (ECF No. 1). The Magistrate Judge filed the Report and Recommendation on May 30, 2019 recommending dismissal of the Petition without prejudice. (ECF No. 17). Petitioner was advised of his right to file objections to the Report, and Petitioner timely filed objections on June 17, 2019. (ECF No. 21). Thus, this matter is ripe for review.

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

In the Report, the Magistrate Judge recommends dismissing the Petition without prejudice. (ECF No. 17). In the Petition under the question as to whether Petitioner has appealed his state court judgement, Petitioner stated "yes" and provided that the appeal "hasn't bee resolved to my knowledge." (ECF No. 1). Understandably, the Magistrate Judge interpreted this answer to mean that the Petitioner has appealed his civil contempt order and his appeal is currently pending. (ECF No. 17). Therefore, the Magistrate Judge concluded Petitioner had not exhausted his state court remedies and recommended dismissal of the Petition.

However, in his objections, Petitioner states "there is no appeal for civil contempt currently pending." (ECF No. 21). Petitioner explains that he filed an appeal by mailing a notice of appeal to the family court because he could not obtain the address to the Court of Appeals at that time. (ECF No. 21). It has been 30 days since Petitioner mailed his appeal, and he has not received a response from the Court of Appeals or family court. (ECF No. 21). Now, Petitioner is "under the impression that my appeal was not filed in time" and as such, there is no appeal pending. (ECF No. 21).

Although Petitioner attempted to file an appeal, it appears he ultimately failed to do so in a timely manner. Petitioner's failure to file an appeal is a failure to exhaust his state remedies. A state prisoner seeking federal habeas corpus relief must first present each of his claims to the state courts having jurisdiction over them. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Id.* The United States Court of Appeals for the Fourth Circuit has held that a "federal habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997).

Petitioner argues he has exhausted his state remedies because his opportunity to file an appeal has expired. The Supreme Court has held that when a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred further exhaustion is not required. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). However, a federal court is precluded from hearing a procedurally defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal

law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750; *See also Thomas v. Davis*, 192 F.3d 445, 450 n. 2 (4th Cir. 1999); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999). Petitioner has failed to demonstrate either.

Hence, even if Petitioner's claim were deemed technically exhausted due to a state procedural bar, it still may not be considered due to Petitioner's failure to demonstrate either cause or actual prejudice in the Petition.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation (ECF No.17) fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 17). Chrondric M. Ford's Petition is thus dismissed without prejudice. (ECF No. 1).

IT IS SO ORDERED.

September 23, 2019            Joseph F. Anderson, Jr.
Columbia, South Carolina        United States District Judge